UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVERETT WATSON,<br><br>    Plaintiff,<br><br>      v.<br><br>MICHAEL B. MUKASEY, Attorney General, U.S. Department of Justice, *et al.*,<br><br>    Defendants. | Civil Action No. 1:08-1058 (CKK) |

**MEMORANDUM OPINION**
(December 15, 2008)

Proceeding *pro se*, Plaintiff filed the Complaint in the instant matter against Defendants Michael B. Mukasey, United States Attorney General, United States Department of Justice ("Attorney General"), and the United States Congress ("Congress) (collectively, "Defendants"), seeking to compel Congress to appropriate additional funds for the Iraq War. On October 31, 2008, Defendants filed a [7] Motion to Dismiss Plaintiff's Complaint. Having received no response from Plaintiff, despite the passing of the deadline for the filing of Plaintiff's opposition, the Court subsequently granted Defendants' Motion to Dismiss as conceded. *See* 12/10/08 Order.

The Court is now in receipt of Plaintiff's [11] Motion for Stay/Motion for Relief of Order. Although Plaintiff's motion is stylized as a motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) and for a stay of proceedings pursuant to Rule 62(a), the Court shall treat Plaintiff's motion as an Opposition to Defendants' Motion to Dismiss, as explained further below. Accordingly, the Court shall VACATE its December 10, 2008 Order granting Defendants' Motion to Dismiss as conceded and shall now

consider Plaintiff's [11] Opposition to Defendants' Motion to Dismiss. Upon review of the parties' submissions and applicable case law, the Court finds that Plaintiff lacks standing to bring this action and shall therefore GRANT Defendants' [7] Motion to Dismiss, for the reasons set forth below.

## I. BACKGROUND

Plaintiff filed the Complaint in the instant matter on June 18, 2008 against Defendants Michael B. Mukasey, United States Attorney General, United States Department of Justice, and the United States Congress. *See* Compl., Docket No. [1].[1] Plaintiff's Complaint, which includes more than 90 pages of material, broadly addresses the United States' participation in the war in Iraq ("Iraq War") and generally seeks to compel Congress to appropriate additional funds for the Iraq War. *See id.* In particular, Plaintiff requests that the Court "issue a mandate to Congress ordering them to bring the troops levels up (as required by law) to perform the task in the Middle East," as well as "issue an order to congress to disperse an initial sum of 150 billion dollars to the Secretary of defense for the acquisition of more troops." Compl. I at 33. Plaintiff also asks the Court to "issue an order to Congress for a new contract for the manufacture and delivery of the MRAPS [Mine Resistant Ambush Protected vehicles]." *Id.* at 34. Still yet, Plaintiff requests the Court "issue a mandate to the appropriate department and investigate my findings," by which

---

[1] Subsequently, on July 23, 2008, Plaintiff filed a submission entitled "Reply Brief." *See* Docket No. [3]. Although unclear from the face of the document, it appears that Plaintiff intended the Reply Brief to either amend or supplement his original pleading. Because the Court ultimately finds that Plaintiff lacks standing to pursue his claims, as set forth under either the original Complaint or his "Reply Brief," the Court need not resolve this issue. The Court shall therefore, for purposes of this Memorandum Opinion, use the term "Complaint" to refer to both Plaintiff's original pleading filed in this matter ("Complaint I"), as well as the Reply Brief subsequently filed by Plaintiff ("Complaint II").

it appears Plaintiff references his statements that oil companies in the United States should be required to increase gas prices and that the United States should pursue opportunities to obtain oil from the various African countries. *See id.* at 36-37; *see also* Compl. II at 15 ("I request this court issue a mandate authorizing the implementation of the O.P.E.C. fund ordering the United States Attorney General to set a date for negotiation's [*sic*] with the heads of state in Chad, Cameroon, and the owners of the following companies list in the O.P.E.C. draft!").

On October 31, 2008, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and/or for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *See* Def.'s MTD, Docket No. [7]. On November 12, 2008, this Court issued an Order, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), advising Plaintiff that "the failure to respond to a dispositive motion 'may result in the district court granting the motion and dismissing the case.'" 11/12/08 Order, Docket No. [8], (citing *Fox*, 837 F.2d at 509)). The Court ordered Plaintiff to respond to Defendants' Motion to Dismiss by no later than December 1, 2008. *Id.* The Court further indicated that if no response was received by that date, the Court would treat Defendants' Motion as conceded and dismiss Plaintiff's Complaint. *Id.*

Plaintiff did not file a response to Defendants' Motion to Dismiss by December 1, 2008, as required by the Court's November 12, 2008 Order. As of December 10, 2008, the Court had not yet received any response from Plaintiff nor had any response been entered on the electronic case docket. Accordingly, the Court issued an Order on December 10, 2008, granting Defendants' Motion as conceded. *See* 12/10/08 Order, Docket No. [10]. The next day, the Court received Plaintiff's Motion for Stay/Relief from Order, Docket No. [11]. Although Plaintiff's

Motion was received by the Clerk of the Court on December 10, 2008, it was not entered on the electronic case docket until December 11, 2008.  *See* Docket No. [11] (noting "entered" on 12/11/08) ("Pl.'s Mot.").  Moreover, although Plaintiff sent a courtesy copy to Chambers, the courtesy copy was not received by the Court until December 11, 2008.  It is unclear whether Plaintiff's Motion was received by the Clerk of the Court before the Court's December 10, 2008 Order dismissing this case was entered.  Regardless, the Court emphasizes that Plaintiff's Motion was untimely, filed more than a week after the December 1, 2008 deadline for responding to Defendants' Motion to Dismiss.  Nonetheless, the Court shall give Plaintiff the benefit of the doubt and shall, in its discretion, overlook the late filing.  *See Voinche v. F.B.I.,* 412 F. Supp. 2d 60, 70 (D.D.C. 2006) (courts should "give[] *pro se* parties the benefit of the doubt and may ignore some technical shortcomings of their filings") (citing *Richardson v. United States*, 193 F.3d 5454, 548 (D.C. Cir. 1999)).  Accordingly, the Court shall vacate the Court's December 10, 2008 Order granting Defendants' Motion to Dismiss as conceded, and shall now consider Plaintiff's Motion on the merits as an opposition to Defendants' Motion to Dismiss on the merits.

Although stylized as a motion for relief from a final judgment pursuant to Rule 60(b) and for a stay of proceedings pursuant to Rule 62(a), the Court shall treat Plaintiff's motion as an Opposition to Defendants' Motion to Dismiss.  Plaintiff's motion, on its face, is directed towards the "order entered 12/1/08."  Pl.'s Mot. at 1.  Review of the docket in the above-captioned case, however, reveals that no order was entered on December 1, 2008.  Plaintiff also attaches the Court's November 12, 2008 Order to his Motion.  *See generally* Pl.'s Mot.  But, as has already been explained above, the November 12, 2008 Order was issued pursuant to *Fox v. Strickland*,

4

837 F.2d 507 (D.C. Cir. 1988), which requires district courts to take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion.  *See* 11/12/08 Order.  The November 12, 2008 Order therefore is not a final order, and as such, neither Rule 60(b), which provides relief from a final judgment or proceeding, nor Rule 62(a), which generally provides for an automatic stay of court orders, is applicable.  Rather, upon review of Plaintiff's filing, it is apparent that Plaintiff's motion is directed towards and intended to oppose Defendants' Motion to Dismiss.  *See, e.g.,* Pl.'s Mot. at 1 ("Your honor the motion to dismiss this case is defective and void. . . .").  Accordingly, the Court shall treat Plaintiff's motion as its Opposition to Defendants' Motion to Dismiss.

## II.  LEGAL STANDARDS

Defendants' Motion to Dismiss asserts, in relevant part, that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction.  *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"); *see also Pitney Bowes, Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  A court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts.  *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Koutny v. Martin*, 530 F. Supp. 2d 84 (D.D.C. 2007) ("[A] court accepts as true all of the factual allegations contained in the complaint and may also consider 'undisputed facts evidenced

in the record'") (internal citations omitted).  However, "'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge*, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350).

Where, as here, an action is brought by a *pro se* plaintiff, the Court must take particular care to construe the plaintiff's filings liberally for such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (D.C. Cir. 1999); *see also Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). "Courts of this Circuit have interpreted the Supreme Court's instruction in *Haines* as encompassing all filings submitted by *pro se* litigants, not just their pleadings." *Lindsey v. United States*, 448 F. Supp. 2d 37, 44 (D.D.C. 2006) (internal citations omitted).  The District of Columbia Circuit has further instructed that lower courts may use supplemental materials to clarify a *pro se* plaintiff's claims without converting a motion to dismiss into one for summary judgment. *See Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (explaining that lower courts may "consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged") (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1054 (D.C. Cir. 1998)).

### III.  DISCUSSION

Defendants, in their Motion to Dismiss, set forth six legal bases for dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and/or for failure to state a claim pursuant to Rule 12(b)(6). *See generally* Def.'s MTD.  Because the Court agrees with Defendants' first argument that Plaintiff lacks standing to bring the instant lawsuit,

the Court need not reach Defendants' alternative arguments and shall dismiss Plaintiff's Complaint for a lack of standing pursuant to Rule 12(b)(1).

Defendant asserts that Plaintiff lacks standing to bring this action because Plaintiff's allegations do not state any legally cognizable injury-in-fact. Def.'s MTD at 2, 5-6. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 37(1976)). A core element of Article III's case-or-controversy requirement is that a plaintiff must establish that he or she has standing to sue. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). To satisfy this burden of establishing standing, "[a] plaintiff must allege a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 751(1984); *see also Nat'l Wildlife Fed'n v. Hodel,* 839 F.2d 694, 704 (D.C. Cir.1988). The party invoking federal jurisdiction "bears the burden of establishing these elements." *Lujan,* 504 U.S. at 561. Indeed, the Supreme Court has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury is particularized as to him." *Raines,* 521 U.S. at 819.

Plaintiff has not pled any harm or personal injury sufficient to have standing in this action, a point that Plaintiff has not disputed in his Opposition. Rather, Plaintiff seeks to compel Congress to appropriate funds to the Executive Branch for the Iraq War without asserting any personal injury. *See generally* Compl. Similarly, Plaintiff's claims regarding the number of troops engaged in the Iraq War and the need for a new contract for the manufacture and delivery

of MRAPS for use in the Iraq War, as well as Plaintiff's claims regarding the need for the United States to pursue oil agreements with certain African nations, do not allege any personal injury to Plaintiff himself.  As Defendants correctly observe, it has long been recognized that a citizen's taxpayer status, without more, is generally insufficient to confer standing upon the citizen to bring claims to challenge governmental expenditures or appropriations.  *See Forthingham v. Mellon*, 262 U.S. 447, 486-87 (1923) (holding against federal taxpayer standing as a general matter); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 343-44 (2006) ("Standing has been rejected in such cases because the alleged injury is not 'concrete and particularized,' but instead a grievance the taxpayer 'suffers in some indefinite way in common with people generally.'") (internal citations omitted).  It is equally well established that a generalized grievance brought on behalf of the public at large is not sufficient to establish standing either. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216-17, 227 (1974) (abstract injury shared by all citizens fails to establish standing to sue).  Put simply, Plaintiff has failed to allege any "personal stake" in the dispute nor has he shown any injury "particularized as to him." *See Raines,* 521 U.S. at 819.

Plaintiff's opposition does not dispute that he lacks standing to bring the instant lawsuit. *See generally* Pl.'s Mot.  Rather, Plaintiff's opposition largely attempts to demonstrate that Defendants' Motion to Dismiss is "defective and void" for failure to comply with various local and federal rules.  *See id.*  The Court finds that Plaintiff's arguments are wholly without merit and offer absolutely no basis to deny Defendants' Motion to Dismiss.  Plaintiff's failure to refute Defendants' standing argument is fatal.  Having been advised that he must respond to Defendants' arguments as set forth in their Motion to Dismiss and having failed to do so,

Plaintiff has conceded the merits of Defendants' Motion to Dismiss. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997)). The Court concludes that, as shown by the overwhelming weight of authority, Plaintiff lacks standing to bring this suit. Plaintiff has offered no authority to the contrary. Accordingly, Plaintiff's Complaint shall be dismissed for lack of standing pursuant to Rule 12(b)(1).

## IV.  CONCLUSION

For the reasons set forth above, the Court shall VACATE its December 10, 2008 Order granting Defendants' Motion to Dismiss as conceded and shall consider Plaintiff's Motion, filed on December 10, 2008, as his Opposition to Defendants' Motion to Dismiss. Further, upon review of the parties' submissions, the Court shall GRANT Defendants' [7] Motion to Dismiss for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1). Accordingly, this case shall be DISMISSED in its entirety. An appropriate order accompanies this memorandum opinion.

Date: December 15, 2008

                                                   /s/
                                              COLLEEN KOLLAR-KOTELLY
                                            United States District Judge