UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVERETT WATSON, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL B. MUKASEY, Attorney General, U.S. Department of Justice, *et al.*, <br><br> Defendants. | Civil Action No. 1:08-1058 (CKK) |

MEMORANDUM
(May 12, 2009)

The Court of Appeals for the District of Columbia Circuit has remanded this case "for a statement of reasons supporting the denial of appellant's request for leave to proceed in forma pauperis on appeal." Order, App. No. 09-5108 (May 7, 2009).  Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the Court.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).  "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess."  *Schneller v. Prospect Park Nursing and Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, *1 (E.D. Pa. Apr. 18, 2006), *appeal dismissed*, No. 06-3067, 2006 WL 3038596 (3d Cir. Oct. 26, 2006).  An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Rather, the granting of leave to proceed *in forma pauperis* is warranted if the affiant demonstrates that "because of his poverty [he cannot] pay or give security for the costs . . . and

still be able to provide [himself] and dependents with the necessities of life." *Id*. (internal quotation marks omitted).

The Court's denial of Plaintiff's application was based on his receipt of a minimum of $1600 per month in employment income, an additional $1500 in a checking account, and ownership of a 2001 Chevy Astro as well as various paintings and jewelry. The Court also notes that Plaintiff does not state that he has any dependents relying upon him for support. In addition, it appears from Plaintiff's application that his primary reasons for requesting IFP status are that: (a) "he is trying to start a school;" and (b) he "act[s] as [his] own attorney in other cases" and asserts that his "legal research and expenses are beyond stretched." Docket No. [15] at 6. Accordingly, Plaintiff has not shown that his payment of the civil case filing fee will deprive him of the necessities of life. Finally, the Court notes that Plaintiff's claims in the instant lawsuit are frivolous.

The Clerk is directed to transmit this Memorandum forthwith to the appellate court.

Date: May 12, 2009

                                       /s/
                                   COLLEEN KOLLAR-KOTELLY
                                   United States District Judge